IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MARLA ARMSTRONG, on Behalf of Herself and All Others Similarly Situated, | ) ) ) | Collective Action |
| Plaintiffs, | ) ) | |
| vs. | ) ) | CAUSE NO. 1:15-CV-354 |
| WHEELS ASSURED DELIVERY SYSTEMS, INC., WHEELS ASSURED LOGISTICS, LLC, GARY GILES and CYNTHIA GILES, | ) ) ) ) ) | |
| Defendants. | ) | |

## COMPLAINT FOR DAMAGES

This is a proposed collective action brought on behalf of all former and current delivery drivers of Defendants ("the Class") against Defendants, Wheels Assured Delivery Systems, Inc., Wheels Assured Logistics, LLC, Gary Giles and Cynthia Giles.

### I. Parties

1. Each member of the Class is or was a delivery driver for Defendants at all times relevant to this action.

2. Plaintiff, Marla Armstrong, is a resident of Indianapolis, Indiana.

3. Defendant, Wheels Assured Delivery Systems, Inc., is an incorporated business that conducts business in the Southern District.

4. Defendant, Wheels Assured Logistics, LLC, is an incorporated business that conducts business in the Southern District.

5. Wheels Assured Delivery Systems, Inc. and Wheels Assured Logistics, LLC were the joint employers of Ms. Armstrong.

6. Wheels Assured Delivery Systems, Inc. and Wheels Assured Logistics, LLC are/were the joint employers of all current and former delivery drivers.

7. Defendant, Gary Giles, is an owner of Wheels Assured Delivery Systems, Inc. and Wheels Assured Logistics, LLC.

8. Defendant, Mr. Giles, is an Indianapolis area resident.

9. Defendant, Mr. Giles, manages Wheels Assured Delivery Systems, Inc. and Wheels Assured Logistics, LLC.

10. Defendant, Cynthia Giles, is an owner of Wheels Assured Delivery Systems, Inc. and Wheels Assured Logistics, LLC.

11. Defendant, Mrs. Giles, is an Indianapolis area resident.

12. Defendant, Mrs. Giles, manages Wheels Assured Delivery Systems, Inc. and Wheels Assured Logistics, LLC.

## II. Jurisdiction and Venue

13. This court has jurisdiction to hear this claim pursuant to 28 U.S.C. §1331, in that the claim arises under the laws of the United States. Specifically, Plaintiff brings this action to enforce her rights under FLSA, as allowed by 29 U.S.C. §216.

14. This court has jurisdiction to hear these state claims pursuant to the court's supplemental jurisdiction under 28 U.S.C. §1367.

15. Venue in the Southern District of Indiana, Indianapolis Division, is appropriate by virtue of the Plaintiff's residence and the Defendant corporation doing business in this District.

### III. Class Action Allegations

16. Plaintiff brings this case as a class action pursuant to 29 U.S.C. §216(b) or state law on behalf of a class consisting of all similarly situated persons who are or were employed as delivery drivers for Defendants.

17. The members of the Class worked hours for which Defendants failed to pay them minimum wages.

18. Defendants willfully failed to pay members of the Class at least minimum wages.

19. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action. The names, addresses, and relevant documentation of members of the Class should be in the business records of Defendants. Notice may be provided to members of the Class or their personal representatives via first class mail using techniques and a form of notice similar to those customarily used in class actions.

### IV. Factual Allegations

20. Ms. Armstrong began employment for Defendants in April 2005.

21. Defendants paid Ms. Armstrong a flat fee for making deliveries.

22. Defendants paid Ms. Armstrong a flat fee of $50.00 per day for making deliveries.

23. Defendants failed to pay Ms. Armstrong for any mileage driven while making deliveries.

24. Ms. Armstrong drove her vehicle while making deliveries for Defendants.

25. By failing to pay Ms. Armstrong any mileage reimbursement, Defendants failed to pay Ms. Armstrong at least minimum wage during her employment.

26. Upon information and belief, Defendants do not pay their delivery drivers at least minimum wage.

**Count I – Collective Action**
**Failure to Properly Pay Minimum Wages**
**Pursuant to the FLSA, 29 U.S.C. §201** *et. seq.*

27. Plaintiff incorporates paragraphs 1 through 26 by reference herein.

28. Plaintiff and the members of the Class are or were employees of Defendants pursuant to the FLSA.

29. The work that Plaintiff and the members of the Class performed for Defendants involved interstate commerce.

30. Wheels Assured Delivery Systems, Inc. is an employer pursuant to the FLSA.

31. Wheels Assured Logistics, LLC is an employer pursuant to the FLSA.

32. Mr. Giles is an employer pursuant to the FLSA.

33. Mrs. Giles is an employer pursuant to the FLSA.

34. Wheels Assured Delivery Systems, Inc. had gross revenues of at least $500,000.00 for the 2004 calendar year.

35. Wheels Assured Delivery Systems, Inc. had gross revenues of at least $500,000.00 for the 2005 calendar year.

36. Wheels Assured Delivery Systems, Inc. had gross revenues of at least $500,000.00 for the 2006 calendar year.

37. Wheels Assured Delivery Systems, Inc. had gross revenues of at least $500,000.00 for the 2007 calendar year.

38. Wheels Assured Delivery Systems, Inc. had gross revenues of at least $500,000.00 for the 2008 calendar year.

39. Wheels Assured Delivery Systems, Inc. had gross revenues of at least $500,000.00 for the 2009 calendar year.

40. Wheels Assured Delivery Systems, Inc. had gross revenues of at least $500,000.00 for the 2010 calendar year.

41. Wheels Assured Delivery Systems, Inc. had gross revenues of at least $500,000.00 for the 2011 calendar year.

42. Wheels Assured Delivery Systems, Inc. had gross revenues of at least $500,000.00 for the 2012 calendar year.

43. Wheels Assured Delivery Systems, Inc. had gross revenues of at least $500,000.00 for the 2013 calendar year.

44. Wheels Assured Delivery Systems, Inc. had gross revenues of at least $500,000.00 for the 2014 calendar year.

45. Wheels Assured Logistics, LLC. had gross revenues of at least $500,000.00 for the 2004 calendar year.

46. Wheels Assured Logistics, LLC. had gross revenues of at least $500,000.00 for the 2005 calendar year.

47. Wheels Assured Logistics, LLC. had gross revenues of at least $500,000.00 for the 2006 calendar year.

48. Wheels Assured Logistics, LLC. had gross revenues of at least $500,000.00 for the 2007 calendar year.

49. Wheels Assured Logistics, LLC. had gross revenues of at least $500,000.00 for the 2008 calendar year.

50. Wheels Assured Logistics, LLC. had gross revenues of at least $500,000.00 for the 2009 calendar year.

51. Wheels Assured Logistics, LLC. had gross revenues of at least $500,000.00 for the 2010 calendar year.

52. Wheels Assured Logistics, LLC. had gross revenues of at least $500,000.00 for the 2011 calendar year.

53. Wheels Assured Logistics, LLC. had gross revenues of at least $500,000.00 for the 2012 calendar year.

54. Wheels Assured Logistics, LLC. had gross revenues of at least $500,000.00 for the 2013 calendar year.

55. Wheels Assured Logistics, LLC. had gross revenues of at least $500,000.00 for the 2014 calendar year.

56. Defendants failed to properly pay minimum wages for all hours that Plaintiff and members of the Class worked during the course of their employment with Defendants.

57. Defendants' violations of the FLSA damaged Plaintiff and members of the Class.

WHEREFORE, Plaintiff prays that the Court:

A. Enter an award for Plaintiff and members of the Class for the minimum wages owed to Plaintiff and members of the Class during the course of their employment with Defendant with interest as permitted by the FLSA.

B. Enter an award for liquidated damages with interest as permitted by the FLSA.

C. Enter an order awarding Plaintiff and members of the Class all reasonable attorney fees and expenses incurred in pursuing this claim as permitted by the FLSA.

D.  Enter an award for such other relief as may be just and appropriate.

Respectfully submitted,

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49

## Count II – Collective Action
### Indiana's Minimum Wage Statute

58. Plaintiff incorporates paragraphs 1 through 57 by reference herein.

59. Plaintiff and the members of the Class are or were employees of Defendants pursuant to Indiana's Minimum Wage Statute.

60. Wheels Assured Delivery Systems, Inc. is an employer pursuant to Indiana's Minimum Wage Statute.

61. Wheels Assured Logistics, LLC is an employer pursuant to Indiana's Minimum Wage Statute.

62. Defendants failed to properly pay minimum wages for all hours that Plaintiff and members of the Class worked during the course of their employment with Defendants.

63. Defendants' violations of Indiana's Minimum Wage Statute damaged Plaintiff and members of the Class.

WHEREFORE, Plaintiff prays that the Court:

A.  Enter an award for Plaintiff and members of the Class for the minimum wages owed to Plaintiff and members of the Class during the course of their employment with Defendant with interest as permitted by Indiana's Minimum Wage Statute.

B.  Enter an award for liquidated damages with interest as permitted by Indiana's Minimum Wage Statute.

  C. Enter an order awarding Plaintiff and members of the Class all reasonable attorney fees and expenses incurred in pursuing this claim as permitted by Indiana's Minimum Wage Statute.

  D. Enter an award for such other relief as may be just and appropriate.

  D. Enter an award for such other relief as may be just and appropriate.

          Respectfully submitted,

          WELDY LAW


          /s/Ronald E. Weldy
          Ronald E. Weldy, #22571-49
          Proposed Collective Action Counsel


Ronald E. Weldy
Weldy Law
8383 Craig Street
Suite 330
Indianapolis, IN 46250
Tel: (317)842-6600
Fax: (317)842-6933
E-mail: weldy@weldylaw.com